# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Brown Colored USPS ReadyPost Extra Large Mailing Carton, Bearing USPS Priority Mail Express Tracking Number EI 707 479 625 US, Further Described in Attachment A, and Currently at 5640 E. Taft Rd., Syracuse, NY | Case No. 5:25-SW-24 (MJK) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Brown Colored USPS ReadyPost Extra Large Mailing Carton, Bearing USPS Priority Mail Express Tracking Number EI 707 479 625 US, Further Described in Attachment A, and Currently at 5640 E. Taft Rd., Syracuse, NY

located in the  Northern  District of  New York , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Andrew Ecker*
Applicant's signature

Andrew B. Ecker, Task Force Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  telephone   *(specify reliable electronic means)*.

Date: 01/31/2025

*Mitchell J. Katz*
Judge's signature

City and state: Syracuse, New York          Hon. Mitchell J. Katz, United States Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF
<u>AN APPLICATION FOR A SEARCH WARRANT</u>**

I, Andrew B. Ecker, being duly sworn, depose and say as follows:

**<u>INTRODUCTION</u>**

1.      I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS") currently assigned to the Contraband Interdiction and Investigation Team in Syracuse, New York. Thus, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 3061. I have been a Police Officer with the Onondaga County Sheriff's Office for over twenty-eight years, with over eight years of that time serving as a Detective in the Special Investigations Unit ("SIU"). SIU focuses primarily on investigating narcotic-related offenses. I have received training in criminal investigations, procedures, and criminal law, and I have acted as the lead investigator and have assisted other law enforcement agents in numerous criminal investigations and in the execution of search warrants. I have received training from the United States Postal Inspection Service ("USPIS") in the investigation of controlled substances and proceeds/payments for controlled substances being transported through the United States Mail. I have also received asset forfeiture training and have consulted with senior Postal Inspectors. Further, I have been the affiant on multiple previous search warrants which have resulted in the seizure of controlled substances.

2.      This affidavit supports an application to search a United States Postal Service ("USPS") Priority Mail Express ("PME") parcel bearing tracking number **EI 707 479 625 US** (the "**Subject Parcel**"), more thoroughly described in Attachment A, for evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of and possession with intent to distribute a controlled substance, and the attempt or conspiracy to commit said offenses) (collectively, the "Subject Offenses"), further described in

Attachment B. The Subject Parcel is currently in the custody of USPIS, located at 5640 E. Taft Road, Syracuse, New York 13220.

3. The information set forth in this affidavit is based on my personal knowledge, experience, and training; my observations during the course of this investigation; information conveyed to me by other law enforcement officers; and my examination and review of physical evidence obtained during the investigation.

4. This affidavit contains only that information necessary to establish probable cause in support of an application for a search warrant authorizing a search of the Subject Parcel. This affidavit does not include all the facts known to the government about the investigation.

## PROBABLE CAUSE

5. In January 2025, I was reviewing USPS business records for parcels destined for the Northern District of New York that, in my training and experience, had characteristics consistent with parcels containing controlled substances. During my review, I identified a brown colored USPS PME parcel bearing USPS tracking number **EI 707 479 625 US** (previously identified as the "**Subject Parcel**"). The **Subject Parcel** appeared to have been mailed on January 28, 2025, and arrived in the Northern District of New York on January 30, 2025.

6. The **Subject Parcel** drew my attention because it was mailed from Guaynabo, Puerto Rico. Through my training, experience, and through consultation with other law enforcement officers within USPIS, I know that Puerto Rico is a source location for illegal drug shipments, particularly cocaine. Further, postage for the **Subject Parcel** had been paid for in cash (a method typically used by drug traffickers to avoid creating paper records associated with the package), and it was a single item retail transaction at the USPS counter (also consistent with drug trafficking).

7. In addition, the **Subject Parcel** was sent using Priority Mail Express service. I am aware that it is common for those mailing illegal drugs to ship their packages using Priority Mail Express. This is true for many reasons, including because:

   a. Items sent via Priority Mail Express are considered First Class Mail and cannot be examined without a federal search warrant;

   b. Priority Mail Express is generally expected to be delivered in 1-2 business days. This ensures the customer expedited delivery;

   c. **Various** dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request, and this gives the mailer the opportunity to have some control over the arrival of the mailed item;

   d. **Individuals** desiring to either send or receive controlled substances and payments for these controlled substances via the U.S. Mail can do so without having to provide identification, thereby reducing the possibility of revealing their true identity; and

   e. **Priority** Mail Express parcels include individual parcel tracking numbers, which allow the sender and/or intended recipient to track the travel of the parcel by telephone or internet.

8. The sender of the **Subject Parcel** did not request that a signature be required from the recipient at the time of delivery, which is something that senders lawfully using Priority Mail service typically request. I know that individuals shipping illegal goods (including controlled substances) via the U.S. Mail frequently decline the signature-on-delivery service because it requires the recipient to take personal possession of the package in the presence of a Postal worker.

9. Based on my observations, on January 30, 2025, I intercepted the **Subject Parcel**

at the USPS Syracuse Processing and Distribution Center. I later examined the **Subject Parcel** and observed that it was a brown colored USPS ReadyPost Extra Large Mailing Carton which was taped excessively along the top and bottom of the parcel. The Subject Parcel measured approximately 17" x 17" x 16". The return address on the **Subject Parcel** showed as "Angeli Rosado" with an address of "C14 Calle Roma, Guaynabo, P.R. 00966." USPIS personnel consulted publicly available information as well, as law enforcement databases and USPS business records, but could not associate the name Angeli Rosado to C14 Calle Roma, Guaynabo, PR 00966. In my training and experience, individuals sending drugs via the U.S. Mail typically use a fake return address and/or name because they do not want their identities discovered if law enforcement intercepted the package.

10. The delivery address on the **Subject Parcel** showed as "Yamilett Rosado" with an address of "416 Utica St Rear Fulton, NY 13069". USPIS personnel consulted publicly available information as well, as law enforcement databases and USPS business records, but could not associate the name Yamilett Rosado to 416 Utica St, Fulton, NY 13069. In my training and experience, individuals receiving drugs via the U.S. Mail typically use a false recipient name because they do not want their identities discovered if law enforcement intercepted the package. Further, by using the same last name, I believe this is also an attempt to make the parcel appear it is being sent to and from family members, in order to make the parcel appear more legitimate and to avoid scrutiny by law enforcement. This tactic has been observed by USPIS personnel on several occasions after seizing parcels destined for the Northern District of New York which were found to contain narcotics.

11. On the same date, at approximately 9:53 a.m.,, the Subject Parcel was subject to a canine exam by United States Border Patrol Agent/Homeland Security Investigations (HSI) Task

Force Officer (TFO) Javier Lorenzo and his canine partner "Ekym." TFO Lorenzo informed me that "Ekym" did alert to the **Subject Parcel**. TFO Irving Reynolds and I were present for the examination and did observe a positive alert by "Ekym". Agent Lorenzo provided a sworn deposition on the canine exam, and the canine's training and certification. A copy of the deposition for the canine examination of the **Subject Parcel** is attached as EXHIBIT #1.

12. I am aware, through experience and conversations with canine handlers, that people who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and other package contents they handle. Packaging materials are also often stored near controlled substances, transferring the odor of the controlled substance onto the packaging materials, contents, and parcel. Narcotics detection canines receive training to alert on these scents.

13. I am aware that in December 2024, USPIS personnel in Puerto Rico seized a parcel addressed to 213 Utica Street, Fulton, New York. After obtaining a federal search warrant for the parcel in the District of Puerto Rico, USPIS personnel discovered (5) bundles of a white substance which field tested positive for cocaine and weighed approximately 5145 gross grams. That parcel was also addressed to Yamilett Rosado and the return addressee surname was Rosado. A review of the photographs of the parcel show that the handwriting on the previously seized parcel appears to match the handwriting on the **Subject Parcel**. Additionally, the cocaine appears to have been concealed in a mattress bag wrapped in bubble wrap in the previously seized parcel. A plain view observation of the **Subject Parcel** shows a large tear in the side of the parcel, likely from mail processing. Through the tear, I can see what appears to be the same color/style mattress bag and bubble wrap that was used in the previously seized parcel.

**CONCLUSION**

14. Based on the facts outlined above, I submit that there is probable cause to believe that a search of the **Subject Parcel**, further described below in Attachment A, for items described below in Attachment B, will reveal evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846.

ATTESTED TO BY THE APPLICANT BY TELEPHONE IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

*Andrew Ecker*
_____
Andrew B. Ecker
Task Force Officer, U.S. Postal Inspection Service


I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on January 31st, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Mitchell J Katz*
_____
Honorable Mitchell J Katz
United States Magistrate Judge

**ATTACHMENT A**

**Item to Be Searched**

The item to be searched (the "**Subject Parcel**"), is a brown colored USPS ReadyPost Extra Large Mailing Carton, sealed with excessive shipping tape on the top and bottom of the parcel. The **Subject Parcel** bears USPS Priority Mail Express tracking number **EI 707 479 625 US**. The **Subject Parcel** is addressed to "Yamilett Rosado" with an address of "416 Utica St, Rear, Fulton, NY 13069" and has a return address of "Angeli Rosado" with an address of "C14 Calle Roma, Guaynabo, PR 00966". The **Subject Parcel** is currently in the custody of USPIS, located at 5640 E. Taft Road, Syracuse, New York 13220. A photograph of the **Subject Parcel** is below.



## ATTACHMENT B

## Items to Be Seized

Evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of, and possession with intent to distribute, a controlled substance, and the attempt or conspiracy to commit said offenses), specifically:

Evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of, and possession with intent to distribute, a controlled substance, and the attempt or conspiracy to commit said offenses), specifically:

1. Controlled substances, drug paraphernalia (including, but not limited to, packaging materials, plastic baggies, plastic or glass vials, pipes, and any materials used for "cutting" or diluting controlled substances), and associated packaging;

2. Proceeds of controlled substance purchases or sales, to include U.S. or foreign currency, money orders, bank checks, and monetary or financial instruments (including travelers checks, bonds, stock certificates, certificates of deposit, and bitcoin or other cryptocurrencies);

3. Tangible proceeds of controlled substance purchases or sales, including precious metals, stones, or jewelry;

4. Drug or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence notations, logs, receipts, bank receipts, wire transfers receipts, documents containing bank account information, journals, books, records, or any other documents noting the price, quantity and/or times when drugs were obtained, transferred, sold, distributed and/or concealed whether in the form of printed documents or stored in computer memory or on computer storage disks or other computer storage mediums;

5. Records, items, and documents reflecting travel in furtherance of drug trafficking, including credit card receipts, U.S. Postal Service receipts, mailing labels, packaging (including mailing cartons, mailing labels, and wrapping materials such as plastic wrap, vacuum sealed bags, carbon paper, and other such materials), airline tickets, hotel and restaurant receipts, canceled checks, maps, and written directions to locations, whether in the form of printed documents or stored in computer memory or on computer storage disks, cell phones, or other computer storage mediums;

6. Indicia of the identity of the individual(s) who sent the Subject Parcel; and

7. Indicia of the identity of the intended recipient(s) of the Subject Parcel.

EXHIBIT #1

# AFFIDAVIT

I, Javier Lorenzo, being duly sworn, depose and state:

I am a United States Border Patrol Agent assigned to the Buffalo Sector Border Patrol, which is part of the Bureau of Customs and Border Protection. My current duty station is the Oswego Border Patrol Station. I am also currently detailed as a Task Force Officer assigned to Homeland Security Investigations in Syracuse, NY. Additionally, I, along with my K-9 partner Ekym (220003) have been a successful K-9 team since December 15th of 2021. I have been a K-9 Handler since March 17th of 2007. I, along with my K-9 partners' have detected numerous amounts of concealed controlled substances during our careers'. K-9 Ekym is trained in detecting the presence of odors of marijuana, cocaine, heroin, methamphetamines, ecstasy, and their precursors. I, along with K-9 Ekym maintain a yearly certification and train a minimum of 16 hours a month. This certification is maintained by the United States Border Patrol Canine Academy (BPK9) located in El Paso, Texas.

On January 30, 2025, at approximately 8:45 am, I United States Border Patrol Agent/Task Force Officer Javier Lorenzo was contacted by United States Postal Service, Task Force Officer (TFO) Irving Reynolds. TFO Reynolds requested that I, along with K-9 partner Ekym, badge number 220003, assist in conducting a non-intrusive K-9 sniff of a specific United States Postal parcel. I, along with K-9 Ekym, responded and arrived at, 5640 East Taft Rd Syracuse, NY 13220 at approximately 9:21 am.

At the location, TFO Reynolds requested that K9 Ekym and I conduct a K-9 sniff of suspected package EI 707 479 625 US. I, Agent Lorenzo deployed K-9 Ekym and began the sniff. During the sniff, K-9 Ekym alerted and indicated to the presence of odor of controlled substance emanating from parcel EI 707 479 625 US at approximately 9:53 am.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2025.

*Javier Lorenzo*
_____
Javier Lorenzo
United States Border Patrol Agent/
Homeland Security Investigations Task Force Officer/K-9 Handler

10